YOUREE *v.* RALLS.

Opinion delivered January 30, 1922.

1. PLEADING—AMENDMENT CHANGING NATURE OF COMPLAINT.—An amendment of a complaint alleging a conversion of a partnership property *held* not to change the general nature of a complaint asking for a partnership settlement and accounting.

2. APPEAL AND ERROR—ISSUE NOT RAISED BELOW.—The defense of fraud, not presented by the pleadings nor made an issue in the trial court, cannot be raised on appeal as ground for reversal.

Appeal from Benton Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*Tom Williams,* for appellants.

The chancery court erred in taking jurisdiction of this cause. It was a suit for conversion.

He who comes into equity must do equity. 67 Md. 542; 114 N. Y. 371; 64 Conn. 101; 129 Iowa 694.

*A. L. Smith,* for appellee.

HUMPHREYS, J. Appellee instituted suit against appellants in the Benton Chancery Court for a partnership settlement and accounting growing out of the operation of a restaurant in Siloam Springs, Arkansas, known as the Club Cafe. In the original bill appellee alleged that he was the owner of an undivided one-half interest in the stock, fixtures and good will of the restaurant by joint purchase with appellant E. B. Allen, on the 22nd day of December, 1919, from S. A. Campbell for a consideration of $1,600; that each paid half of the consideration, and a joint bill of sale for the property was executed to them by said Campbell; that a few days after the purchase thereof Allen entered into possession and active management of the restaurant; that he continued to conduct the business until early in January, 1920, and refused to render any accounting, at which time he sold all his interest therein to appellant F. W. Youree for $700; that Youree refused to recognize appellee's interest in the business and property, and refused to render an accounting of the proceeds derived from the con-

duct of the business, and later sold and delivered the possession of the entire business and property to one Muller for a consideration of $1,100. Appellee later filed an amended bill, alleging a conversion of his interest in the business and property, and prayed for a decree for $800, the alleged value of an undivided one-half interest therein, and damages in the sum of $200, or for a decree in the total sum of $1,000.

To the bill and amended bill appellants filed an answer denying that appellee was the owner of an undivided one-half interest in the business and property, and denying any indebtedness to appellee growing out of the conduct of the business, and praying for a dismissal of the bill and amended bill for want of equity.

The cause was submitted to the court upon the pleadings and evidence, which resulted in a decree in favor of appellee for $800. This decree was subsequently set aside on account of newly discovered evidence, over the objection and exception of appellee. The cause was again submitted, and a decree entered in favor of appellee for $400, from which both parties appealed to this court.

The evidence is in sharp conflict as to whether Campbell received $1,200 or $1,600 for the stock, fixtures and good will of the restaurant. The price agreed upon between Campbell, Allen and appellee, when all three were present, was $1,600, and each gave Campbell a check for $800. Campbell collected appellant Allen's check, but returned appellee's check to him, and, according to the statements of Campbell and appellee, accepted in lieu thereof $400 in cash and a mortgage for $400 on the undivided one-half interest in the restaurant. The note was subsequently paid. There is some positive proof and strong circumstances tending to show that the cash payment of $400 was either never paid, or if paid was immediately returned by Campbell to appellee. The testimony to the effect that the cash payment of $400 was a mere subterfuge is so strong that we are

inclined to agree with the chancellor in his finding that the true consideration for the sale and purchase of the restaurant was $1,200, and that appellee only paid $400 of the sum, and that in truth and fact he only acquired an undivided one-third instead of an undivided one-half interest in the business.

The evidence disclosed that appellant Allen sold such interest as he had in the property to appellant Youree, but before doing so he excluded appellee from the possession of his undivided one-third interest or right to participate in the proceeds of the business, and that after Youree obtained possession thereof he likewise excluded appellee from possession thereof and refused to recognize his interest or to account to him for the proceeds of the conduct of the business, and later sold the entire business to a third party, who was not made a party to this suit.

The chancery court found that the property had been changed in form so that it was impossible to restore appellee his undivided interest in the property and business in kind, and rendered a decree against appellants for $400. We think this finding and decree the only practical method of compensating appellee for his undivided one-third interest in the restaurant.

Appellants contend that the decree should be reversed upon the ground that the amendment to the bill changed the action into a suit at law for conversion of the property, and that the chancery court had no jurisdiction of the cause of action. Appellants did not object to the jurisdiction of the court on account of the amendments to the original bill. Neither do we think that the amendment alleging a conversion of the property changed the general nature of the bill, which was for a partnership settlement and accounting, clearly within the jurisdiction of the chancery court.

Appellants also insist that appellee should not be heard to complain in a court of equity because of imposi-

tion and fraud practiced by him upon appellant Allen. The issue of fraud was not presented by the pleadings, and the cause did not proceed upon that theory in the trial court. The issue presented by the pleadings, and the theory on which the case was tried was that appellee owned no interest in the business and property because he had paid no part of the consideration therefor. It was disclosed by a preponderance of the evidence that appellee paid $400 in consideration for the property, and there is a sharp conflict as to whether he paid any more. The issue of fraud as a defense, not having been presented by the pleadings and evidence or contended for in the trial court, cannot be presented in this court as a ground for reversal of the decree.

No error appearing in the record, the decree is affirmed.